UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ X
HOCKEYLINE, INC.,                    )
                                     )
          Plaintiff/Counter-Defendant,)   Civil Action No.  1:13-CV-01446-CM
                                     )
     -v-                             )
                                     )
STATS LLC,                           )   DEMAND FOR JURY TRIAL
                                     )
          Defendant/Counterclaimant  )
------------------------------------ X
```

### PLAINTIFF HOCKEYLINE, INC.'S OBJECTIONS TO
### STATS LLC'S BILL OF COSTS

Pursuant to Local Civil Rule 54.1(b), Hockeyline, Inc. ("Hockeyline") hereby submits its objections to STATS LLC's ("STATS") Bill of Costs filed on February 17, 2017.  ECF No. 59-1.  Local Civil Rule 54.1(c) articulates in detail the costs to which STATS is entitled.  *See* Local Civil Rule 54.1 Committee Note ("Local Civil Rule 54.1 serves a very useful purpose by outlining what costs are and are not taxable unless otherwise ordered by the Court. . . .  Local Civil Rule 54.1 has been updated with the valuable assistance of the Clerks of the two Courts to reflect more precisely which costs are and are not taxable without an order of the Court."). STATS seeks $24,765.86 in costs that STATS wrongly contends "are authorized by one or more of the following statutes or rules: 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and/or Local Civil Rule 54.1(b)."  ECF No. 59-2 at 1.  Because the costs STATS seeks to recover cannot be taxed under the governing law, Hockeyline's objections should be sustained.

**I.      COSTS RELATED TO *INTER PARTES* REVIEW PROCEEDINGS ARE NOT TAXABLE.**

STATS requests $23,163.86 in filing fees related to its *inter partes* review proceeding against Hockeyline.  This request is contrary to the plain language of Local Civil Rule 54.1(c) and unsupported by case law.  Local Civil Rule 54.1(c)(10) provides "[d]ocket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, are taxable unless otherwise ordered by the Court."  The filing fee paid to the United States Patent and Trademark Office is not a fee "of the Clerk" or "of a marshal, sheriff, and process server."

While *inter partes* review is a relatively new phenomenon, courts that have addressed the issue have rejected STATS's assertion that costs related to *inter partes* review are taxable.  *See Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 U.S. Dist. LEXIS 164705, at *3 (N.D. Ill. Nov. 29, 2016) ("LKQ cites no precedent for a court to award filing fees for *inter partes* review under 28 U.S.C. § 1920(1) and has otherwise failed to convince the court that such fees are taxable in the present situation.  Accordingly, the court declines to tax LKQ's *inter partes* review filing fees. "); *see also Credit Acceptance Corp. v. Westlake Servs., LLC*, No. CV 13-01523 SJO (MRWx), 2016 U.S. Dist. LEXIS 181618, at *12 (C.D. Cal. Jan. 5, 2016) ("Defendants have not persuaded the Court that filing fees paid to the USPTO as part of CBM petitions should be recoverable under this Court's Local Rules, which expressly provides that '[f]iling fees paid to the Clerk.'").

STATS notes that it has filed a motion to declare this case exceptional pursuant to 35 U.S.C. § 285 and that it seeks an award "of the[se] same IPR-related costs pursuant to that statute."  ECF No. 59-2 at 1 n.1.  Section 285 permits fee shifting in an exceptional cases, *see* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the

prevailing party."), not cost shifting.  STATS's attempt to recover costs attributable to its *inter partes* review should not be permitted under either theory of recovery.

## II. THE COST OF HARD DRIVE IMAGING IS NOT TAXABLE.

Local Civil Rule 54.1(c) sets forth items taxable as costs.  The cost of hard drive imaging is not one of them.  Pursuant to subsection (5), "[a] copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence."  STATS makes no argument that the hard drive imaging falls within subsection (5), and even if it did, the imaged hard drive was neither used as an exhibit nor "received in evidence."  Indeed, STATS fails to explain what hard drive was imaged, what information was contained on the hard drive, and why imaging the hard drive was necessary.  While STATS states that the image of the hard drive was made "for production of documents by STATS," ECF No. 59-2 at 2, the only documents STATS produced in discovery were copies of the asserted patent and alleged prior art references, none of which logically would require hard drive imaging.  *See* Declaration of Daniel Weinberg at ¶ 2.

In *Realtime Data, LLC v. CME Grp. Inc.*, this Court stated that it "adheres to Supreme Court precedent that indicates the taxing of costs is to be administered 'in a very limited way.'" No. 11-CV-6697-KBF, 2014 WL 11820242, at *4 (S.D.N.Y. June 24, 2014), *aff'd*, 600 F. App'x 771 (Fed. Cir. 2015) (citing *Crawford Fitting Co. v. J.T. Gibbons. Inc.*, 482 U.S. 437, 444 (1987)); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 132 S.Ct. 1997, 2006 (2012) (explaining that "[t]axable costs are limited to relatively minor, incidental expenses")).  In *Realtime Data*, the Court declined to award costs related to the copying of documents to electronic production media, after noting "the absence of either Second Circuit precedent or a Local Rule instructing otherwise."  *Id*. at *5.  There is no basis for STATS's attempt to tax hard drive imaging cost, and Hockeyline's objection should be sustained.

**III.     THE COST OF RETRIEVING PATENT FILE HISTORIES IS NOT TAXABLE.**

STATS also presents no theory why its decision to retrieve file histories is taxable as a cost under the Court's Local Rules, the Federal Rules of Civil Procedure, or the United States Code.  In *V-Formation, Inc. v. Benetton Grp. SpA*, this Court noted that "nothing in Local Civil Rule 54.1(c) precludes the prevailing party's right to recover the costs of file histories, cited prior art patents and other patent references 'if necessarily obtained for use in the case' under 28 U.S.C. § 1920(4)."  No. 01 CIV.610 HB, 2003 WL 21403326, at *3 (S.D.N.Y. June 17, 2003).  STATS has not offered any explanation as to why readily discoverable file histories were "necessarily obtained" from a third-party vendor at a cost of $560.  Nor has STATS offered a theory why the file history of Hockeyline's Canadian patent was "necessarily obtained for use in the case."  There is no basis for taxing as costs expenditures incurred while unilaterally collecting evidence.

**IV.     *PRO HAC VICE* ADMISSION AND CERTIFICATES OF GOOD STANDING FEES ARE NOT TAXABLE.**

Under the heading "Fees of the Clerk," STATS requests $417 to reimburse its costs related to *pro hac vice* admission and certificates of good standing for attorneys David Airan and Aaron Feigelson.  Rule 54.1(c)(10) states that "[d]ocket fees, and the reasonable and actual fees of the Clerk . . . are taxable."  The Second Circuit has not addressed whether *pro hac vice* filing fees are recoverable costs, and other circuits are split on the issue.  *See LaBombard v. Winterbottom*, No. 814CV00071MADCFH, 2015 WL 9450838, at *2 (N.D.N.Y. Dec. 23, 2015) (examining other appellate court decisions).

A court in this District declined to award *pro hac vice* fees in *Harty v. Par Builders, Inc.*, even after noting that it was within its discretion to make such an award.  *See* No. 12-CV-2246 (CS), 2016 WL 616397, at *5 (S.D.N.Y. Feb. 16, 2016) (citing *Access 4 All, Inc. v. 135 W.*

*Sunrise Realty Corp.*, No. 06-CV-5487, 2008 WL 4453221, at *11 (E.D.N.Y. Sept. 30, 2008)). "[T]he decision not to use counsel already admitted in this District was entirely up to Plaintiff, and Defendant need not pay for that choice." *Id*. at *5.  In this case, as in *Harty*, *pro hac vice* fees were an unnecessary expense electively incurred when STATS chose to use counsel from a foreign jurisdiction.  Numerous competent patent litigators practice in the Southern District of New York, and STATS offers no justification for why the importation of Chicago lawyers constitutes "the reasonable and actual fees of the Clerk."  *See* Loc. Civ. R. 54.1(c)(10).  *See also Cathey v. Sweeney*, cv-205-202, 2007 U.S. Dist. LEXIS 33595, at *4 (S.D. Ga. May 8, 2007) ("The *pro hac vice* fee is an expense of counsel, not the client, and is thus not recoverable.").

Likewise in *LaBombard*, the Northern District of New York found that *pro hac vice* filing fees were not recoverable under Rule 54(d)(1) after considering the Supreme Court's holding in *Taniguchi*, 132 S. Ct. at 2003.  *Taniguichi* involved a question related to interpreter costs rather than *pro hac vice* costs, but the Supreme Court reasoned that "[b]ecause taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi*, 132 S. Ct. at 2003.  After discussing the Supreme Court's ruling in *Taniguchi*, the court in *LaBombard* explained that

> In light of the absence of *pro hac vice* filing fees being specifically listed as a recoverable cost, coupled with the Supreme Court's recent cautioning of expanding upon the scope of enumerated items listed in § 1920, the Court declines to extend the costs recoverable pursuant to Rule 54(d)(1) to include *pro hac vice* filing fees.

*LaBombard*, 2015 WL 9450838, at *2.  Local Civil Rule 54.1(c) articulates which costs are taxable in greater detail than both 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), and includes no mention of *pro hac vice* fees.

Lastly, in *V-Formation, Inc.*, another court in this District found that certificates of good standing "certif[ying] that their attorneys are licensed to practice in a certain state . . . can not be characterized as a 'certification ... of a document in public office,'" under Local Civil Rule 54.1(c)(5), and do not fall under 28 U.S.C. § 1920. 2003 WL 21403326, at *3. Accordingly, the Court should sustain Hockeyline's objection to STATS's request for reimbursement of $417 associated with *pro hac vice* admission and certificates of good standing.

## V. CONCLUSION.

Local Civil Rule 54.1(c), Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. § 1920 do not authorize recovery of the costs requested by STATS, and the weight of the case law confirms this. Hockeyline respectfully requests that the Court sustain its objections.

Dated: March 2, 2017   Respectfully submitted,

By: */s/Daniel J. Weinberg*
Robert E. Freitas (*pro hac vice*)
Daniel J. Weinberg (*pro hac vice*)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

THE LAW OFFICE OF JOHN F. OLSEN, LLC
33 Plymouth Street, Suite 108
Montclair, NJ 07042
Telephone: (973) 679-4001
Facsimile: (973) 679-7335

Attorneys for Plaintiff and Counter-Defendant Hockeyline, Inc.